UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>BRADLEY A. GARNER,<br><br>          Defendant. | CASE NO. CR09-5088BHS<br><br>RESTITUTION ORDER |

This matter comes before the Court on Defendant's ("Garner") pro se motion (Dkt. 384) to appoint counsel and for modification of the Court's prior restitution order (*see, e.g.*, Dkt. 382). The Court has considered the pleadings filed in support of and in opposition to this motion and the remainder of the file and, for the reasons stated herein, hereby denies the motion because the Court lacks jurisdiction to hear the matter.

Garner moves the Court to modify restitution and for appointment of counsel. However, Garner does not supply any jurisdictional basis for his motion. Indeed, Garner has not supplied – nor has the Court found – any authority on which the Court could modify the restitution order, which has been upheld by the Ninth Circuit in this case.

The Court's authority to modify a term of imprisonment is constrained by 18 U.S.C. § 3582(c), which provides in pertinent part that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). The Court is aware of no statute that would expressly permit it to modify Defendant's restitution

obligations, and Defendant has not provided any. Rule 35 applies only in very narrow circumstances and does not permit a court to simply reverse its decision on appropriate restitution. Fed. R. Civ. P. 35 permits the Court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days of sentencing. Fed. R. Cr. P. 35(a). This exception does not apply at this late date; further, the Ninth Circuit has already affirmed the Court's order on restitution. *See* Dkt. 382 (Amended Judgment).

A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that such a sentence can subsequently be corrected, appealed and modified, amended, adjusted, or the defendant may be resentenced pursuant to relevant statutory provisions. 18 U.S.C. § 3664(o). There exists no statute or criminal rule that permits the Court to modify the judgment to reduce the amount of restitution. *C.f. United States v. Thiele*, 314 F.3d 399, 401-02 (28 U.S.C. § 2255 cannot be used to challenge solely an order of restitution). In short, the Court does not have jurisdiction to hear Garner's motion, and appointing counsel for Garner to pursue his jurisdictionally deficient motion would be futile.

Therefore, it is hereby **ORDERED** that Garner's motion for appointment of counsel and for modification of the Court's restitution order is **DENIED**.

DATED this 12th day of July, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 2